KING & BALLOW
LAW OFFICES
315 UNION STREET
SUITE 1100
NASHVILLE, TENNESSEE 37201

TELEPHONE: 615/259-3456
FACSIMILE: 615/254-7907

www.kingballow.com

July 19, 2017

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
500 Pearl Street
New York, New York 10007

  Re:  *Golden Crown Publishing, LLC v. Sony Music Entertainment d/b/a Columbia Records, et al.*, Case No. 17-cv-03329 (PKC)

Dear Judge Castel:

  The parties jointly submit this letter in accordance with the Court's Initial Pretrial Conference Order, and in anticipation of the Initial Pretrial Conference on July 25, 2017 at 11:00 a.m. This letter includes: (1) a brief description of the case, including the factual and legal bases for the claim(s) and defense(s); (2) any contemplated motions; and (3) the prospect for settlement.

  Plaintiff Golden Crown Publishing, LLC ("Golden Crown" or "Plaintiff") alleges, and seeks damages for, willful copyright infringement against Jonathan H. Smith p/k/a Lil Jon ("Lil Jon"), William Grigahcine p/k/a DJ Snake ("DJ Snake"), and Martin Joseph Leonard Bresso (collectively the "Individual Defendants"), and Sony Music Entertainment d/b/a Columbia Records, Lil' Jon Touring, Inc., Lil' Jon Productions, Inc., Lil Jon Merchandising Inc, Lil' Jon 00017, Inc., DJ Snake Music, LLC, DJ Snake Touring, LLC, Cookies and Milk, LLC (incorrectly sued as "Cookies and Milk, LLC d/b/a King of Crunk Music"), Kobalt Music Publishing America, Inc. d/b/a Songs of Kobalt Music Publishing, BMG Rights Management, LLC d/b/a BMG Gold Songs, and Get Familiar Music LLC (incorrectly sued as "Get Familiar Inc. d/b/a Get Familiar Music") (collectively, and inclusive of the Individual Defendants, "Defendants"). Defendants deny any wrongdoing and liability.

**(1) Brief Description of the Case**

  A.  **Plaintiff's Description of Its Case**

  This is a case for willful copyright infringement filed against Defendants based on their hit song "Turn Down For What" ("Defendants' Song"). Plaintiff is the legal and beneficial owner of the original work titled "Turn Down for What" (the "Original Work") as recorded by the

The Honorable P. Kevin Castel
July 19, 2017
Page 2 of 6

recording artist Freddie GZ, produced by Tha Architectz, and released by the record label Addicted 2 Money Multi Media, LLC d/b/a A2M Multimedia ("A2M"). Plaintiff is the owner of the duly registered copyright in the Original Work, which has been registered with the United States Copyright Office as identified by Copyright Registration Number PA0002029824. Freddie GZ composed the Original Work with Tha Architectz in late 2012, and the final version of the Original Work was finished in the studio in January of 2013. The Original Work was released as a single on March 9, 2013. The Original Work was created and released before Defendants' Song began to be written or recorded, and before it was released in December 2013.

The Original Work was released to national radio stations as well as to other media outlets such as iTunes, Spotify, Amazon, and YouTube, among others, and received nationwide exposure through such outlets, online social media coverage, and otherwise. While online coverage of the Original Work has given Freddie GZ nationwide exposure, Freddie GZ and his music are particularly well-recognized in Atlanta and the surrounding areas due to the fact that he has performed in Atlanta on numerous occasions over the years, including frequent performances pre-dating, and post-dating, the recording and/or release of Defendants' Song. Freddie GZ has worked with several artists in the Atlanta rap scene and has performed with artists with ties to Defendant Lil Jon such as 2Chainz, Waka Flocka Flame, OJ Da Juiceman, and Princess from Crime Mob, among others. Defendant Lil Jon resides and/or spends a significant amount of time in Atlanta, and the surrounding area, and Defendant Cookies and Milk, LLC d/b/a King of Crunk is a Georgia corporation with a registered agent in Atlanta. Defendants gained access to Plaintiff's Original Work through their connections in the Atlanta Rap and Hip-Hop scene, among other sources of access detailed in Plaintiff's Complaint. Plaintiff's Original Work and Defendants' Song are strikingly similar, which makes access presumed as a matter of law.

The Individual Defendants are the credited writers of the international hit "Turn Down For What." Defendants copied the Original Work without authorization, or credit to Plaintiff. Defendants' copying alleged herein directly misappropriates quantitatively and qualitatively important portions of Plaintiff's Original Work in a manner that is easily recognizable to the ordinary observer.  Plaintiff sets forth a list of similarities, including transcriptions of the works at issue, in its Complaint.  Independent creation would be impossible in this context and that, given the overwhelming similarities between the works at issue, including, but not limited to, the title, main lyric hook, main instrumental hook, structure, rhythm and tempo range, it is clear that Defendants' Song copied Plaintiff's Original Work.

From the date of the creation of Defendants' Song, all of Defendants have infringed Plaintiff's copyright interest in the Original Work including: (a) by substantially copying and publicly performing, or authorizing the copying and public performances, including publicly performing Defendants' Song at radio, live concerts, personal appearances, and on video, television, and otherwise; (b) by authorizing the reproduction, distribution, and sale of the records and digital downloads through the execution of licenses, and/or actually selling, manufacturing, and/or

The Honorable P. Kevin Castel
July 19, 2017
Page **3** of **6**

distributing Defendants' Song through various sources; (c) by substantially copying and the related marketing and promotion of the sale of the records, videos, tickets to concerts and other performances, and other merchandise; and (d) by participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of the Original Works in and as part of Defendants' Song packaged in a variety of configurations and digital downloads, mixes and versions, and performed in a variety of ways including radio, concerts, personal appearances, video, television, and/or otherwise. Further, Defendants' unauthorized reproduction, distribution, public performance, display and creation of a derivative work, Defendants' Song, infringes Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

The overwhelming success of Defendants' Song has provided Defendants with substantial opportunities to tour and perform around the world. Defendants' Song was specifically used to promote and advertise performances, concerts, and touring, and, subsequent to the release of Defendants' Song, Defendants have received significantly more in touring revenues than they had realized individually and/or collectively before such release. Defendants' Song was the driving force in the revenues generated by Lil John, Lil John Touring, DJ Snake, and other of the Defendants since their release. In fact, the tour itself by Lil Jon and DJ Snake following the release of Defendants' Song was called the Turn Down For What Tour. DJ Snake and Lil Jon, and their respective entities, are practical partners meaning that they are not only jointly and severally responsible for the actual damages of Plaintiff (as all Defendants are), but also jointly and severally liable for the profits of each other generated through exploitation of Defendants' Song, such as tour and merchandising revenue.

### B. Defendants' Brief Description of the Case and Defenses

This is a copyright case filed against Defendants based on their hit song "Turn Down For What" ("Defendants' Song"). Defendants' Song was written by Lil Jon, DJ Snake, and Tchami and released by Sony in December 2013. It became an international success, making it a target for opportunistic lawsuits such as this one, which is largely premised on a phrase that, while allegedly created by the writers of Plaintiff's Song, in fact they borrowed from others.

Plaintiff Golden Crown Publishing LLC ("Golden Crown") premises its copyright claim on its ownership, by assignment, of a song authored by Fredley Saural, Maliki Sankoh, and Roberson Bonjean ("Plaintiff's Song"). Plaintiff's copyright claim fails for a number of reasons, including but not limited to those summarized below.

First, the evidence will show that Defendants' Song was the product of independent creation by Lil Jon, DJ Snake, and Tchami. Moreover, the songs do not remotely reach the level of "striking similarity," nor, given the obscurity and, at best, extremely limited airplay (if any) of Plaintiff's Song, can Defendants' access to Plaintiff's Song be presumed or established.

The Honorable P. Kevin Castel
July 19, 2017
Page **4** of **6**

Second, the alleged similarities between Plaintiff's Song and Defendants' Song are based on elements of Plaintiff's Song that either are not protectable or are not original to Plaintiff's Song. Plaintiff relies heavily on the titles and title lyric of the two songs. Publicly available evidence – which Plaintiffs and their counsel should have been fully aware of before commencing this case – shows, however, that "turn down for what" is neither original to nor created by the writers of Plaintiffs' Song. Instead, it was already a commonly used phrase, including in hundreds of social media posts, before Plaintiff's Song was ever created or released, according to Plaintiff's allegations. It is black letter law that Plaintiff cannot claim ownership of a phrase that it did not create, much less stop others from also using the exact same phrase. The remaining alleged similarities between the two works do not rise to the level of substantial similarity as a matter of law. Plaintiff's infringement claim is baseless.

Third, significant portions of Plaintiff's copyright claim are time-barred. Despite Plaintiff's allegation that Plaintiff's Song was created and released in 2013, Plaintiff failed to register its copyright in Plaintiff's Song until April 30, 2017, over four years after Plaintiff's Song was allegedly released and nearly four years after Defendants' Song was released. Moreover, Plaintiff did not bring suit until May 4, 2017, well beyond the three-year statute of limitations for copyright claims. Thus, Plaintiff cannot sue for any infringements that allegedly occurred more than three years prior to the commencement of this action. 17 U.S.C. § 507. Plaintiff also seeks attorneys' fees in its complaint, but as a matter of law Plaintiff is barred by its late filing of its registration from seeking or recovering such fees (even assuming Plaintiff prevailed).

### C. Possible Legal Issues

While the parties are unable at this time to anticipate the full scope of the legal issues that may arise in this action, some legal issues that may arise, among others, include:

- Whether Plaintiff's Song was created and released prior to Defendants' Song;
- Whether Defendants had access to the Plaintiff's Song;
- Whether the Defendants' Song is substantially similar to the Plaintiff's Song;
- Whether the Defendants' Song is strikingly similar to the Plaintiff's Song;
- Whether striking similarity between the works at issue makes access presumed as a matter of law;
- Whether any Defendants have induced, caused, or materially contributed to the infringing conduct of others, such that they should be found to be contributorily liable;
- Whether any Defendants have the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that Defendants should be found to be vicariously liable;

The Honorable P. Kevin Castel
July 19, 2017
Page 5 of 6

Whether Defendants' infringement, if any, was willful;

Whether Defendants' Song was independently created;

In the event Plaintiff proves infringement, the amount of damages recoverable, if any, under the United States Copyright Act;

In the event Plaintiff proves infringement, what amount of Defendants' recoverable profits are attributable to the alleged infringement;

Whether Defendants are "practical partners," which, Plaintiff contends, would make them jointly and severally liable for the profits of each other;

In the event Plaintiff proves infringement, what deductions, if any, Defendants may take from revenue.

In the event Plaintiff proves infringement, whether Plaintiff is entitled to any portion of Defendants' profits attributable to the alleged infringement from sales outside of the US, based on the "predicate act" exception; and

Other issues that may arise during the course of this action.

**(2) Any Contemplated Motions**

The parties anticipate Plaintiff may file an Amended Complaint if necessary, and each side may file motions for summary judgment on liability as well as motions *in limine* as necessary.

**(3) The Prospect for Settlement**

To-date, no settlement discussions have taken place. The parties will assess in good faith the possibility of settlement in this action, but are unsure at this point as to the likelihood of settlement discussions resulting in a mutually beneficial resolution. The parties may decide in the future to retain a private mediator to facilitate settlement if the parties mutually agree that such a mediation would be productive. The parties anticipate that, if and when such mediation may take place, counsel for each party will be accompanied by a representative of each party with full settlement authority.

The parties look forward to discussing the above issues and others at the July 25, 2017 Initial Pretrial Conference.

Respectfully submitted,

Richard S. Busch                                       /s/ Ilene S. Farkas
_____                          _____

The Honorable P. Kevin Castel
July 19, 2017
Page **6** of **6**

Richard S. Busch (SB 5613)
KING & BALLOW
315 Union Street, Suite 1100
Nashville, Tennessee 37201
Telephone:       (615) 726-5422
Facsimile:       (615) 726-5417
rbusch@kingballow.com

*Attorneys for Plaintiff*

Donald Zakarin
Ilene Farkas
Felicity Kohn
7 Times Square
New York, New York   10036
(212) 421-4100
dzakarin@pryorcashman.com
ifarkas@pryorcashman.com
fkohn@pryorcashman.com

*Attorneys for Defendants*